CORDER v. WHITESIDES.

(Division B.   Nov. 21, 1938.)

[184 So. 449.   No. 33406.]

**J. S. Finch**, of Booneville, for appellant.

C. R. Bolton, of Tupelo, for appellee.

**McGehee, J.,** delivered the opinion of the court.

On the 5th day of March, 1931, the appellant W. B. Corder was indebtèd to J. S. Love, Superintendent of Banks in charge of the liquidation of the Bank of Guntown in Lee County, Mississippi. The indebtedness was evidenced by certain notes and a deed of trust on real estate and certain personal property. Default was made in the payment of the indebtedness, and when the holder of the security undertook to foreclose the same in December of the year 1934, the appellant obtained from the chancery court a stay of the sale under the terms of the Moratorium Act (Laws 1934, c. 247), together with an extension of time for the payment of the indebtedness of more than two years. Having failed to pay the indebtedness within the time allowed, the holder thereof was entitled under the Moratorium Act of 1936 (Laws 1936, c. 287) to foreclose the deed of trust. Accordingly on February 5, 1937, the appellee, as Receiver of the said Bank of Guntown, filed this proceeding in chancery to foreclose the security. During the pendency of the foreclosure proceeding it became necessary to obtain a re-

straining order against the appellant to prevent the commission of waste. A second supplemental bill was filed by the appellee alleging a violation of the restraining order, and a date was set for hearing on the application for a decree directing the sale of the property. In consideration of several continuances a corrected description of the land was substituted in the deed of trust by agreement of the parties, and finally it was agreed that if payment of the indebtedness was not made by the October, 1937 term of court a decree should be entered for the foreclosure and sale of the property, and that after the foreclosure the appellant was to surrender possession of the property to the purchaser at the sale, and on failure to do so the court might enter an order directing the sheriff to remove him from the property and place the purchaser in possession thereof. Settlement was not made, and a decree was rendered directing the property to be sold and the person appointed to make the sale to report his action in the premises for confirmation in vacation on a day named, and without further process. The report of sale filed prior to the hearing alleged that the land had been sold in accordance with the corrected description thereof, and in the manner required by law. However, the proof of publication of the notice of sale contained a typographical error by reciting that four acres of the land was situated in "Section 323, Township 7, Range 7, lying East of the Baldwyn and Ratliff Road," but the notice further recited that it was sold pursuant to the terms of the decree of the court of a certain date, et cetera. All of the other land described as being in "Section 32, Township 7, Range 7." No objections to the confirmation were made and the court entered a decree confirming the sale in accordance with the description set out in the decree for sale. Thereafter, the appellant failed to surrender possession and a writ of assistance was issued and duly executed whereby the possession of the property was delivered to the purchaser at the sale.

Because of the typographical error above referred to the appellant assigns as error (1) the rendition of the decree confirming the sale; (2) the issuance and execution of the writ of assistance. We are of the opinion that in view of the fact that the decree ordering the sale, the notice published at the court house, and the report of the commissioner correctly described the land, and no objection was made to the confirmation of the report which disclosed the typographical error in the proof of publication thereto attached, the objection to such typographical error was waived. The foreclosure was not en pais, and it would seem that the court proceedings as a whole, including the published notice of sale, and the one posted at the court house which correctly described the land, together with the reference to the decree under which the sale was to be made, should have been ample notice as to what land was being offered for sale; but if not, they were at least sufficient to require the appellant to file any objections that he may have had thereto when the sale came on for confirmation.

As to the action of the court in ordering the issuance of the writ of assistance, the record discloses that the appellant had consented thereto in advance.

The decree of the court below will therefore be affirmed.

Affirmed.